IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SAMUEL L. DIXON, III, | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-16 |
| v. | |
| MICHAEL LEWIS, et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

Plaintiff asserts § 1983 claims against Defendants in their official capacities.  Doc. 1.  Plaintiff filed this claim as a pre-trial detainee at Bulloch County Correctional Institution.  Id. at 4.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff alleges that on August 1, 2019, Defendant Lanier illegally seized and searched Plaintiff's phone to obtain his phone number and began texting Plaintiff, pressuring him to become a confidential informant. Id. at 8. Plaintiff did not respond to these text messages. Id. Later that same day, Defendant Nesmith pulled Plaintiff over, illegally searched his car, and then informed Plaintiff there was an outstanding warrant for him in Bibb County but did not arrest Plaintiff. Id. During the search, Plaintiff was detained in the back seat of a patrol car, while Defendant Nesmith searched his car and went through his phone to obtain his phone number. Id. at 10. Defendant Nesmith also began trying to coerce Plaintiff into working as a confidential informant. Id. at 8.

On August 15, 2019, Defendant Nesmith again pulled Plaintiff over and this time, arrested him. Id. at 9. Defendant Lewis was also present at the scene. Id. Defendant Nesmith referred to Plaintiff multiple times using a racial epithet and yelled at Plaintiff for "not producing anything," even though Plaintiff states he never agreed to work as a confidential informant. Id. & at 10. Defendant Nesmith then searched Plaintiff's vehicle, finding methamphetamine and drug-related paraphernalia. Id. at 9. Plaintiff told Defendant Nesmith the contraband belonged to him, but Defendant Nesmith charged Plaintiff's fiancé with possession, taking both Plaintiff and his fiancé to jail. Id. Once Plaintiff was arrested, he complained to Defendant Lewis his handcuffs were extremely tight, but Defendant Lewis did not acknowledge Plaintiff's complaint. Id. As a result of the handcuffs being tight, Plaintiff's skin was torn off his right wrist. Id. at 9. 11. Additionally, Plaintiff states when he was placed in the patrol car, the windows were rolled up and he began to suffer from dehydration. Id. at 9. When Plaintiff arrived at Bulloch County Correctional Institution, the paramedics were called and examined Plaintiff. Id.

Based on the above facts, Plaintiff brings Fourth Amendment claims for illegal searches and seizures against Defendants Lanier and Nesmith.  These claims arise out of the stops on August 1 and 15, 2019, respectively, as well as the searches of his phone which occurred during these stops.  Additionally, Plaintiff brings Eighth Amendment excessive force claims against Defendants Lewis and Nesmith for their treatment of Plaintiff when they arrested him, including applying handcuffs so tightly Plaintiff's skin was ripped off and locking him in a car without ventilation.

Plaintiff avers Defendants Thompson, Marsh, Prince, and Stone violated his due process rights by rejecting grievances he filed at the Bulloch County Correctional Institution.  Id. at 14.  Additionally, Plaintiff sues Defendant Sheriff Noel Brown, as the head of the county jail and deputies, in his supervisory capacity.  Id.  Plaintiff is suing all Defendants in their official capacities only, seeking monetary damages for violating his constitutional rights.  Id. at 2–5, 11.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff is suing all Defendants in their official capacities. Doc. 1 at 2–5. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71. Furthermore, it is well-settled law that sheriffs and members of the sheriff department acting in a law enforcement capacity are acting on behalf of the state. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003); Grech v. Clayton County, 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer . . . ."). As this Court has recognized,

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged. Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms

4

> of the state—not as county officials . . . .  In sum, Manders and its progeny dictate
> that where a sheriff and his deputies are performing their official and authorized
> duties as state actors . . . they are entitled to Eleventh Amendment immunity from
> a § 1983 claim for money damages or other retrospective relief brought against
> them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332–40; Hall v. Fries, No. 7:13-CV-105, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v. Mercier, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and Lewis v. Wilcox, No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Bulloch County Sherriff's Department. Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

Because Plaintiff expressly limited his claims against Defendants to claims against those individuals in their official capacities, doc. 1 at 11, Plaintiff's claims are due to be dismissed in their entirety.  The Court notes Plaintiff's Fourth Amendment and Eight Amendment claims against Defendants Lanier, Nesmith, and Lewis would be factually sufficient to survive frivolity review, had the claims been asserted against those individuals in their individual capacities.[2] But, to reiterate, Plaintiff only checked the "official capacity" box on his § 1983 complaint form,

---

[2] Plaintiff's grievance related claims would not survive frivolity review, even had they been asserted against Defendants in their individual capacities.

5

id. at 2–5, indicating a clear intention to only proceed on claims against those Defendants in their official capacities, and, therefore, the claims are due to be dismissed.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 12th day of January, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA